SUMMERS, Justice
(dissenting).
I concur in the result reached by the Court in awarding $2,500 to Mrs. Reymond for the structural damage to her house. Otherwise I respectfully dissent from the Court’s disposition of the other issues presented.
In refusing to allow consequential damages to Mrs. Reymond, the majority has taken a narrow and oppressive view of the constitutionally guaranteed right of a private citizen to be adequately compensated for property “damaged” for a public purpose. La.Const. art. 1, § 2. Applying the doctrine of damnum absque injuria to the facts of this case amounts to an extension of a jurisprudential rule of doubtful validity in order to defeat a constitutional guarantee of a fundamental character.
There is no mystery in Section 2 of Article I of the Constitution when it declares that “private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.” The evidence in this case amply establishes a diminution in value peculiar to Mrs. Reymond’s property and that of her immediate neighbors. It is not the kind of damage contemplated by those cases which deny compensation to property owners who suffer damages which are essentially only inconvenience incurred by all property owners in an extensive general neighborhood or area. In fact, in Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218 (1959), cited in the majority opinion, where a route change in a street affected the owner’s property differently from the neighborhood generally, the Court allowed damages and refused to apply the doctrine of damnum absque injuria in all respects. Likewise in Rudolph Ramelli, Inc., v. City of New Orleans, 233 La. 291, 96 So.2d 572 (1957), the Court found the inconvenience “common to all other property owners within the same vicinity.” The Ramelli case is therefore not authority for denying compensation in the case at bar where the damage is peculiar to Mrs. Reymond and those immediately surrounding her and not the public generally.
In my view, therefore, the diminution in value to Mrs. Reymond’s pioperty falls squarely within the spirit, the letter and the intendment of Section 2 of Article -I of the Constitution. Her property has been “damaged” for a public purpose, and she is entitled to the just and adequate compensation in the amount of $6,250 which this Court denies her.